UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASHMARQ GLOBAL CONSULTANTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No. 3:18-cv-04069-WHO<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. Nos. 39, 43 |

Plaintiff Cashmarq Global Consultants, Inc. filed this case on July 6, 2018, alleging that the Internal Revenue Service improperly levied funds from its bank account to recover tax liabilities of one of its shareholders. On June 7, 2019, Cashmarq informed its counsel that it was terminating their representation, and later that month counsel filed an unopposed motion to withdraw. At the August 7 hearing on that motion and in an Order to Show Cause the following day, I laid out the following facts: (i) Cashmarq had failed to respond to a document demand dated March 18, 2019, (ii) Cashmarq's shareholders had failed to respond to subpoenas duces tecum dated May 17, 2019, and (iii) a corporation could not proceed in federal court without counsel. Dkt. Nos. 45, 46. I further ordered that by August 19, a Cashmarq officer file a declaration under penalty of perjury explaining the failure to respond to discovery, who Cashmarq's lawyer would be, and how it would comply with either the existing case scheduling order or the proposed schedule set forth in the parties' pending stipulation. I indicated that failure to respond to the Order to Show Cause would result in dismissal with prejudice.

On the day that declaration was due, Cashmarq responded that it hoped to retain a lawyer from my old firm, contingent on my agreement not to recuse myself or on the government's consent. Dkt. No. 48. Because Cashmarq's proposal raised an obvious conflict that would require

my recusal, the following day I issued an Order that expressed my distaste for it and also continued the Order to Show Cause hearing by two weeks to allow Cashmarq to proceed with its backup option. Dkt. No. 49. I ordered that Cashmarq meet its discovery obligations by the time of the hearing or explain when it would do so.

No new counsel appeared at the September 4, 2019 hearing on the Order to Show Cause. Its soon-to-be-terminated counsel indicated that Cashmarq had identified someone who was willing to accept the representation, but Cashmarq was still working to secure funds to retain that counsel. Because counsel indicated their understanding that the funds would be available by Friday, September 6, I gave Cashmarq yet another opportunity. I set a case management conference for September 24 and ordered that Cashmarq ensure its new counsel enter an appearance no later than Monday, September 9. *See* Dkt. No. 50 ("If counsel has not entered an appearance by September 9, 2019 and begun active representation by the next case management conference, the case will be dismissed.").

No appearance has been entered; this case remains at a standstill.[1] On September 17, 2019, the day the parties' joint case management statement was due, the United States submitted a status report. Dkt. No. 51. The government indicated that it contacted the attorney Cashmarq intended to retain as of the September 4 hearing and learned that he had not in fact been retained.

For nearly five months, Cashmarq has failed to comply with its discovery obligations or otherwise prosecute this case. The fact discovery deadline has passed. Three months have elapsed since Cashmarq indicated that it was terminating its counsel's representation. No new counsel has appeared despite a series of extensions I have afforded. Of the five factors to consider in determining whether dismissal for failure to prosecute is warranted, *see Moneymaker v CoBen*, 31 F. 3d 1447, 1451 (9th Cir. 1994), the public's interest in expeditious resolution of litigation and

---

[1] The most recent update Cashmarq has provided on meeting its long overdue discovery obligations comes from an August 19 declaration from Cashmarq shareholder David Scott Cacchione. Dkt. No. 48-2. In it he indicates that the shareholders have resolved their previous disputes and intend to "act in a unified manner with the representation of new counsel," including by "timely respond[ing] to all future requests for documents and honor[ing] the deadlines provided." The fact remains that Cashmarq cannot proceed without counsel. It has had three months to secure funding to retain counsel or to identify counsel who is willing to proceed on a contingency basis, yet it has failed to do either.

the court's need to manage its docket weigh strongly in favor of dismissal. The prejudice to defendant does as well. While dismissal would not dispose of this case on its merits, defendant's failure to provide discovery has hindered defendant from filing a dispositive motion or otherwise resolving the case on the merits. And given my orders allowing defendant additional time to comply with its obligations but warning it of the sanction that would follow if it failed to do so, I do not think less drastic sanctions are appropriate or would work. For these reasons, this case is DISMISSED with prejudice for failure to prosecute.

The motion to withdraw of Moskowitz LLP (Dkt. No. 39) is GRANTED. The stipulation to continue the case schedule (Dkt. No. 43) is TERMINATED AS MOOT.

**IT IS SO ORDERED.**

Dated: September 18, 2019



William H. Orrick
United States District Judge